UNITED STATES FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

Amber C. and Joseph C., parents and      *
Guardians of G.C., a minor, and G.C.,    *
a minor                                  *
                                         *
    Plaintiffs                           *
vs.                                      *      Case No. _____
                                         *
MOBILE COUNTY BOARD OF EDUCATION;        *
DOUGLAS HARWELL, JR. *In His*            *
*Official and Individual Capacity-*      *
*DISTRICT I*, DON STRINGFELLOW,          *
*In His Official and Individual*         *
*Capacity-DISTRICT II;*                  *
REGINALD CRENSHAW, *In His Official*     *
*and Individual Capacity-*               *
*DISTRICT III*; ROBERT BATTLES,          *
*In His Official and Individual*         *
*Capacity-DISTRICT IV*; WILLIAM FOSTER,  *
*In His Official and Individual*         *
*Capacity-DISTRICT V; FORMER-*           *
*SUPERINTENDENT*, MARTHA PEEK,           *
*In Her Official and Individual*         *
CHRESAL D. THREADGILL,                   *
SUPERINTENDENT of the                    *
MOBILE COUNTY PUBLIC SCHOOL SYSTEM,      *
In His Official and Individual           *
Capacity-;TEACHERS and/or School         *
Employees: Teacher, HOLLY NORRIS,        *
Assistant Principal MELANIE TURNER,      *
Teacher, LINDA RUFFIN; Teacher,          *
NICOLE ROLLO; Counselor DONALD           *
STEELE, Former-Principal                 *
SEMMES M.S. and Employees of             *
Current Central Office employee,         *
Brenda Shenesey,                         *
PRINCIPAL of SEMMES MIDDLE SCHOOL,       *
WENDELL ELLIS; GWEN PRESTON, Resource    *
Teacher, and UNKNOWN                     *
FICTICIOUS DEFENDANTS A,B,C,D,E,         *
F,G,K,L,M,N,O,P,Q, being those           *
persons, Administrators,                 *

```
supervisors, employees,            *
Whose true names and identities are *
Otherwise unknown to the Plaintiff at*
the time of the filing of this      *
Petition, but will be substitute    *
by amendment when ascertained,      *
and being one with an interest in   *
the subject matter of this petition.*
DEFENDANTS.
```

<u>JURY TRIAL DEMANDED</u>

COMPLAINT FOR DAMAGES
<u>FEDERAL CLAIMS</u>
1. *VIOLATION of* TITLE IX *Civil Rights* (42 U.S.C.§1983)
2. *Violation of* Fourteenth Amend. *of U.S. Constitution*
3. *Fourteenth Capacity;* Amendment of US CONSTITUTION-
   Liberty Interest Civil Rights (42 U.S.C.§1983)
4. Money Claim Against Mobile County Board of Education
   (42 U.S.C.§1983)
<u>STATE CLAIMS</u>
1. Violation of AL. Code §16-1-23 and §16-1-24.1
2. "Anti-Hazing Law"
3. False Imprisonment
4. Emotional Distress
5. Negligence Per-Se Violation of Alabama Statutes
6. Intentional Infliction of Emotional Distress
7. Negligent Infliction of Emotional Distress
8. Premise Liability
9. Negligent training, hiring, and supervision
10. Respondent Superior Liability of MCPSS
11. Declaratory and Injunctive Relief
12. Breach of Contract
13. Punitive Damages

<u>INTRODUCTION</u>

1. Plaintiffs bring this COMPLAINT forward to assert and vindicate their STATE and FEDERAL CONSTITUTIONAL, Statutory and Common Law Rights.

**2.** Plaintiffs allege the DEFENDANTS individually and collectively violated the Federal and State Constitutional Rights of the Plaintiff G.C.

**3.** Plaintiffs allege the DEFENDANTS individually and collectively violated and continue to violate the Rights of the Plaintiff G.C. under his Individualized Educational Plan.

**4.** Plaintiff alleges that during the 2016 through 2017 school years at all times Brenda Shenesey was an employee of the Mobile County Board of Education and served as the principal of Semmes Middle School, a Mobile County School under the direction of Mobile County Superintendent Martha Peek and the Mobile County Board of Education and the individual Board Members of said Board.

**5.** Plaintiff alleges that during the 2016 through 2017 school years and at all times thereof, Martha Peek was an employee of the Mobile County Board of Education and served as the Mobile County Superintendent and served as the supervisor of Brenda Shenesey, the principal of Semmes Middle School, a Mobile County School under the direction of Martha Peek as the Superintendent and the Mobile County Board of Education and the individual Board Members of said Board.

**6.** Plaintiff alleges that during the 2016 through 2017 school years at all times HOLLY NORRIS was an employee of the Mobile County Board of Education and served as a teacher at Semmes Middle School, a Mobile County School under the direction of Mobile County Superintendent Martha Peek and the Mobile County Board of Education and the individual Board Members of said Board.

**7.** Plaintiff alleges that during the 2016 through 2017 school years at all times DONALD STEELE was an employee of the Mobile County Board of Education and served as a teacher and counselor at Semmes Middle School, a Mobile County School under the direction of Mobile County Superintendent Martha Peek and the Mobile County Board of Education and the individual Board Members of said Board.

**8.** Plaintiff alleges that during the 2016 through 2017 school years at all times LINDA RUFFIN was an employee of the Mobile County Board of Education and served as a teacher at Semmes Middle School, a Mobile County School under the direction of Mobile County Superintendent Martha Peek and the Mobile County Board of Education and the individual Board Members of said Board.

**9.**   Plaintiff alleges that during the 2016 through 2017 school years at all times MELANIE TURNER was an employee of the Mobile County Board of Education and served as a teacher and Assistant Principle at Semmes Middle School, a Mobile County School under the direction of Mobile County Superintendent Martha Peek and the Mobile County Board of Education and the individual Board Members of said Board.

**10.**   Plaintiff alleges that during the 2016 through 2017 school years at all times NICOLE ROLLO was an employee of the Mobile County Board of Education and served as a teacher at Semmes Middle School, a Mobile County School under the direction of Mobile County Superintendent Martha Peek and the Mobile County Board of Education and the individual Board Members of said Board.

**11.**   Plaintiff alleges that during the 2016 through 2017 school years at all times GWEN PRESTON was an employee of the Mobile County Board of Education and served as a Resource Teacher under the direction of Mobile County Superintendent Martha Peek and the Mobile County Board of Education and the individual Board Members of said Board.

**12.**  Plaintiff alleges that WENDELL ELLIS is the CURRENT PRINCIPAL OF SEMMES M.S. and an employee of the Mobile County Board of Education, Replacing BRENDA SHENESEY.

**13.**  Plaintiff alleges that CHRESAL D. THREADGILL is an employee of the Mobile County Board of Education and serves as the Mobile County Superintendent, replaced former Superintendent Martha Peek and serves as the supervisor of all MOBILE COUNTY BOARD OF EDUCATION SCHOOLS WITHIN THE MOBILE COUNTY SCHOOL SYSTEM and who serves under the direction of the Mobile County Board of Education and the individual Board Members of said Board.

**14.**  On or about August 26, 2016, Holly Norris was present, knew, should have known and witnessed, the injuries suffered by G.C. in the soaking of G.C. with a water hose by another student.

**15.**  On or about August 26, 2016, NICOLE ROLLO was present, knew, should have known and witnessed, the injuries suffered by G.C. in the soaking of G.C. with a water hose by another student.

**16.**  On or about August 26, 2016, DONALD STEELE was present, knew, should have known and witnessed, the injuries suffered

by G.C. in the soaking of G.C. with a water hose by another student.

**17.** On or about August 26, 2016, <u>MELANIE TURNER</u> was present, knew, should have known and witnessed, the injuries suffered by G.C. in the soaking of G.C. with a water hose by another student.

**18.** On or about August 26, 2016, <u>LINDA RUFFIN</u> was present, knew, should have known and witnessed, the injuries suffered by G.C. in the soaking of G.C. with a water hose by another student.

**19.** On or about September 19, 2016, <u>GWEN PRESTON,</u> special education resource teacher for G.C. was present, knew, should have known and witnessed, the non-compliance with the I.E.P. of G.C. intentionally depriving G.C. of his constitutionally protected right of education.

**20.** Between the dates of August 11, 2016 and January of 2017, <u>NICOLE ROLLO,</u> special education department chair participating and involved with G.C. was present, knew, should have known and witnessed, the non-compliance with the I.E.P. of G.C. intentionally depriving G.C. of his constitutionally protected right of education.

21.  Between the dates of August 11, 2016 and January of 2017, DONALD STEELE, teacher and guidance counselor participating and involved with G.C. was present, knew, should have known and witnessed, the non-compliance with the I.E.P. of G.C. intentionally depriving G.C. of his constitutionally protected right of education.

22.  Between the dates of August 11, 2016 and January of 2017, MELANIE TURNER, teacher and assistant principle participating and involved with G.C. was present, knew, should have known and witnessed, the non-compliance with the I.E.P. of G.C. intentionally depriving G.C. of his constitutionally protected right of education.

23.  Between the dates of August 11, 2016 and January of 2017, LINDA RUFFIN, special education teacher for G.C. was present, knew, should have known and witnessed, the non-compliance with the I.E.P. of G.C. intentionally depriving G.C. of his constitutionally protected right of education.

24.  Between the dates of August 11, 2016 and January of 2017, Brenda Shenesey, Principal and supervisor of LINDA RUFFIN, the special education teacher for G.C.; was present on campus, and knew, or should have known and/or witnessed, the non-compliance with the I.E.P. of G.C. thereby intentionally

depriving G.C. of his constitutionally protected right of education.

25. Between the dates of August 11, 2016 and January of 2017, Martha Peek, Superintended of MCPSS, at the time and supervisor of the administrator/principal, Brenda Shenesey; the special education teacher, Linda Ruffin; and Nicole Roll, special education department chair for G.C., knew, or should have known of the non-compliance with the federally mandated I.E.P. for G.C. and therefore, intentionally deprived G.C. of his constitutionally protected right to education.

26. The individual and collective actions of Peek, Shenesey, Norris, Steele, Rollo, Ruffin, Turner, Stringfellow, Crenshaw, Battles, Foster, Threadgill, Harwell, and others, violated the constitutionally protected right to an education of G.C.

27. The individual and collective actions of Peek, Shenesey, Norris, Steele, Rollo, Ruffin, Turner, Stringfellow, Crenshaw, Battles, Foster, Threadgill, Harwell, and others, violated the constitutionally protected right under the Individualized Education Plan for G.C.

28. The individual and collective actions of Peek, Shenesey, Norris, Steele, Rollo, Ruffin, Turner, Stringfellow,

Crenshaw, Battles, Foster, Threadgill, Harwell, and others, deprived G.C. of his constitutionally protected rights by depriving him of services guaranteed under the IEP of G.C.

29.  The individual and collective actions of Peek, Shenesey, Norris, Steele, Rollo, Ruffin, Turner, Stringfellow, Crenshaw, Battles, Foster, Threadgill, Harwell, and others, including but not limited to the failure to supervise G.C. and other students, failed to stop the violent conduct of "rough housing", assault, battery of G.C. by the other students placing G.C. in fear of his safety and in fear of bodily harm under the supervision of the above identified individuals.

30.  Peek, Shenesey, Norris, Steele, Rollo, Ruffin, Turner, Stringfellow, Crenshaw, Battles, Foster, Threadgill, Harwell, and others, knew or should have known, witnessed, and were present when students under their supervision, attacked G.C. causing him emotional and physical injury.

31.  On more than one occasion Peek, Shenesey, Norris, Steele, Rollo, Ruffin, Turner, Stringfellow, Crenshaw, Battles, Foster, Threadgill, Harwell, and others, failed to intervene and stop the assaults, verbal abuse, emotional abuse directed toward and inflicted upon G.C.

**32.** Defendants Mobile School Board and Peek, Shenesey, Norris, Steele, Rollo, Ruffin, Turner, Stringfellow, Crenshaw, Battles, Foster, Threadgill, Harwell, and others, dating back years, permitted, and allowed, "hazing", "harassment", "bullying", "assaults", and emotional mistreatment of students by other students at Semmes Middle School; which violated the constitutionally protected right to an education of G.C.

**33.** The individual and collective actions and inactions of Peek, Shenesey, Norris, Steele, Rollo, Ruffin, Turner, Stringfellow, Crenshaw, Battles, Foster, Threadgill, Harwell, and others, demonstrate an "I don't care" attitude toward the safety and well-being of special education students.

**34.** Defendants Mobile School Board, superintendent Peek, Wendell Ellis, Brenda Shenesey, Holly Norris, Steele, Rollo, Ruffin, Turner, and Board members Stringfellow, Crenshaw, Battles, Foster, Threadgill, Harwell, and others, have engaged in a pattern of practice and policy of inaction, failure to discipline, failure to supervise, failure to monitor and control student behavior, failure to protect special needs students, and failure to provide for the IEP mandates of G.C. specifically. This pattern, practice and

policy of inaction has directly and proximately caused the deprivation of the constitutional rights of parents to make decisions for the health, safety, and education of their children and has further deprived the student G.C. of the constitutional right to be safe and free from violence in the least restrictive educational environment.

35. Defendants, each of them, have violated the Alabama Education Code of Ethics by failure to provide appropriate supervision of students, falsifying, misrepresenting, omitting, failing to comply with the IEP of G.C., and failing or erroneously reporting and permitting acts of child abuse upon G.C.

36. Defendants, each of them, have violated the Alabama Education Code of Ethics by failure to provide appropriate supervision of students, falsifying, misrepresenting, omitting, failing to comply with the IEP of G.C., and failing or erroneously reporting and permitting acts of child abuse, including physical and verbal abuse by other students upon G.C. that were purportedly supervised by the Defendants named and unnamed in this complaint.

37. Defendants, each of them, have nurtured, fostered, and promoted a culture of acceptable violence, harassment, and

child abuse in the public school setting causing students including G.C. to leave Semmes Middle school and seek an education elsewhere.

38. Defendants, each of them, have violated Alabama Education Code and violated the written agreement and authorization by the Plaintiff parents providing: "In case of an emergency, I allow school officials to: Administer any treatment deemed necessary by physician (paramedics are called in the event of a health emergency) If hospitalization is considered necessary, to which hospital should the student be transported…"

39. Defendants, each of them, failed to provide appropriate treatment for G.C. when he was soaked with a water hose on school grounds during school hours, failed to notify his parents, failed to take any action against students and provided him with dirty, nasty, unclean clothes from lost and found thus publicly embarrassing and humiliating G.C. and causing emotional distress to G.C.

40. Defendants, deprived G.C. of a constitutionally protected right and further deprived him of a safe and protected environment.

## JURISDICTION and VENUE

   Plaintiffs bring this action pursuant to the laws of the State of Alabama and 42 U.S.C. §1983. Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 1343 based upon the violation of Plaintiffs' rights under the United States Constitution. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367(a).

   Venue is proper in this district under 28 U.S.C. §1391(b)because a substantial part of the events giving rise to the Plaintiffs' injuries, damages, and harm, including the violation of Plaintiffs' civil rights, occurred in this judicial district. Further, one or more of the Defendants reside, are headquartered and conduct business in this judicial district.

   Defendants are subject to suit in this county and judicial district and are public entities that regularly employ 15 or more persons. Defendant Mobile Board of Education conducts business and is a government agency operating under the color of state authority in this judicial district.

   Plaintiffs allege upon information or belief that Defendants Douglas Harwell, Jr., Don Stringfellow, Reginald Crenshaw, Robert Battles, William Foster, Martha L. Peek,

Principal Brenda Shenesey; teachers Holly Norris, Linda Ruffin, Nicole Rollo; Counselor Donald Steele; Gwen Preston, and Assistant Principal, Melaine Turner and Ficticious Defendants, "A,B,C,D,E,F,G,H,I,J,K,L,M,N,O,P,Q…" are all employees and managing agents and/or administrators of Defendant Mobile County Board of Education, a Mobile County Business Entity and State Agency in the State of Alabama.

## **PARTIES**

**41.** Plaintiff Amber C. is at all times relevant herein a citizen of the United States and a resident of Mobile, Alabama.

**42.** Plaintiff Joseph C. is at all times relevant herein a citizen of the United States and a resident of Mobile, Alabama.

**43.** Plaintiff G. C. is at all times relevant herein a citizen of the United States and a resident of Mobile, Alabama.

**44.** Defendant, Douglas Harwell, Jr. is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education.

**45.** Defendant, Don Stringfellow is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education.

**46.** Defendant, Reginald Crenshaw is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education.

**47.** Defendant, Robert Battles is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education.

**48.** Defendant, William Foster is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education.

**49.** Defendant, Martha Peek is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education.

**50.** Defendant, Brenda Shenesey is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education, specifically at central office for the Mobile county schools system and was previously assigned as the principal of Semmes Middle School during the 2015-2018 school years.

**51.** Defendant, Wendell Ellis is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education; assigned as Principal of Semmes Middle School.

**52.** Defendant, Melanie Turner is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education and is assigned to Semmes Middle School.

**53.**  Defendant, Holly Norris is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education and is assigned to Semmes Middle School, as a teacher/counselor.

**54.**  Defendant, William Steele is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education and is assigned to Semmes Middle School, as a teacher/counselor.

**55.**  Defendant, Linda Ruffin is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education and is assigned to Semmes Middle School, as a teacher.

**56.**  Defendant, Gwen Preston is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education and is a Special Education Resource Teacher.

**57.**  Defendant, Nicole Rollo is a citizen of Mobile, Alabama and is employed by Defendant Mobile Board of Education and is assigned to Semmes Middle School, as a teacher.

**58.**  FICTICIOUS Defendants true names and capacities are unknown to Plaintiffs at this time;

**59.**  Plaintiffs do not know the true names and capacities, whether individual, corporate, associate, or otherwise of FICTICIOUS DEFENDANT A-Q inclusive, and therefore sue these Defedants by such fictitious names. Plaintiffs will amend

their complaint to allege their true names and capacities when this has been ascertained.

## RESPONDEAT SUPERIOR LIABILITY OF MOBILE COUNTY PUBLIC SCHOOL SYSTEM

**60.** All of the described conduct, acts, and failures to act are attributed to agents, representatives and employees under the direction and control, and with the permission, consent and authorization of DEFENDANTS. Said acts, conduct and failures to act were within the scope of such agency employment. At all times relevant herein, each participant was acting within the course and scope of his or her employment. DEFENDANT MOBILE COUNTY BOARD OF EDUCATION AND EACH BOARD MEMBER is liable for the acts and failures to act of Each Named Defendant employee of Semmes Middle School, and for the acts and failures to act of each of the co-defendants as each Defendant herein acted or failed to act with knowledge, consent and agreement of each of the other Codefendants.

## DEFENDANT MOBILE COUNTY BOARD RATIFICATION,ADOPTION AND AUTHORIZATION OF CONDUCT

**61.** EACH OF THE DEFENDANTS NAMED TEACHERS and COUNSELORS, PRINCIPAL AND ASSISTANT PRINCIPAL Defendants knew, or should

have known, that the named defendants had a propensity and proclivity for ignoring student behavior, looking the other way when a special education student was harassed, alarmed, physically assaulted, emotionally abused, humiliated publicly and deprived of services under his I.E.P.

62. EACH OF THE DEFENDANTS NAMED ADMINISTRATORS, PRINCIPAL AND ASSISTANT PRINCIPAL knew, or should have known, that the named defendants including themselves and the teachers/counselors had a propensity and proclivity for ignoring student behavior, looking the other way when a special education student was harassed, alarmed, physically assaulted, emotionally abused, humiliated publicly and deprived of services under his I.E.P. and that said defendants have willfully, intentionally, and with a conscious deliberate disregard for the health, safety, and constitutional rights of Student G.C. and have each failed to provide any protective, remedial or corrective action to protect students, like G.C. and have inflicted financial, emotional and physical harm upon the parents of G.C. as a result of the conduct of the DEFENDANTS COLLECTIVELY AND INDIVIDUALLY.

**63.**  It is well established that when an employer or a public entity such as a public school board ratifies the tortious conduct of an employee, or those under the control of the public entity or school board, the school board becomes liable for the employee's wrongful conduct as a joint participant. An employer who fails to discipline an employee after being informed of that employee's improper conduct can be deemed to have ratified that conduct. If an employer is informed that an employee has committed an intentional tort and nevertheless declines to censure, criticize, suspend or discharge that employee, a claim can be made for ratification.

**64.** Ratification is the voluntary election by a person to adopt in some manner as his own an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him/her. A purported agent's act may be adopted expressly or it may be adopted by implication based on conduct of the purported principal from which an intention to consent to or adopt the act may be fairly inferred, including conduct which is 'inconsistent with any reasonable intention on his part, other than that he intended approving and adopting it. Hence, Defendant Mobile County School Board and Defendant

Martha Peek, along with Brenda Shenesey, ratified the abusive
conduct of Defendants Norris, Turner, Ruffin, Rollo, Steele,
and the other unknown ficticious defendants toward G.C. and
therefore ratified and condoned the assaultive, and negligent
conduct of the other defendants by failing to implement any
corrective, protective, remedial action to protect and
implement the I.E.P of G.C. who was at all times while on
school property under the control and supervision of the
Defendants.

**65.** Ratification is the voluntary election by a person to
adopt in some manner as his own an act which was purportedly
done on his behalf by another person, the effect of which, as
to some or all persons, is to treat the act as if originally
authorized by him/her. A purported agent's act may be adopted
expressly or it may be adopted by implication based on conduct
of the purported principal from which an intention to consent
to or adopt the act may be fairly inferred, including conduct
which is 'inconsistent with any reasonable intention on his
part, other than that he intended approving and adopting it.'
Hence, Defendant Mobile County School Board and Defendant
Martha Peek, along with Brenda Shenesey ratified the abusive
conduct of Defendants Norris, Turner, Ruffin, Rollo, Steele,

and the other unknown ficticious defendants toward G.C. and therefore ratified and condoned the deprivation of the constitutionally protected right to an education free from assaultive, negligent conduct of the students and other defendants through the failure to supervise, failure to implement any corrective, protective remedial action; failure to comply with the requirements under the mandated I.E.P of G.C. who was at all times while on school property under the control and supervision of the Defendants and was to be accompanied by a full time paraprofessional as mandated by his I.E.P.

66. THE DEFENDANTS INDIVIDUALLY AND COLLECTIVELY DEPRIVED THE PLAINTIFF G.C. of his education under the requirements of G.C.'s Federally protected rights outlined under his I.E.P. and further were the direct cause of the injuries and damage suffered by G.C. and Amber C. and Joseph C., Plaintiffs in this action.

67. THE DEFENDANTS INDIVIDUALLY AND COLLECTIVELY DEPRIVED THE PLAINTIFF G.C. of his education under the requirements of G.C.'s Federally protected rights outlined under his I.E.P. and further were the direct cause of the injuries and damage suffered by G.C. and Amber C. and Joseph C., Plaintiffs in

this action including the cost of the private education costs incurred by the Plaintiffs to ensure the safety of G.C. while exercising his constitutionally protected rights to an education.

68. THE DEFENDANTS INDIVIDUALLY AND COLLECTIVELY DEPRIVED THE PLAINTIFF G.C. of his education under the requirements of G.C.'s Federally protected rights outlined under his I.E.P. and further were the direct cause of the injuries and damage suffered by G.C. and Amber C. and Joseph C., Plaintiffs in this action including the cost of the private education costs incurred by the Plaintiffs Amber C. and Joseph C. to ensure the safety of G.C. while exercising his constitutionally protected rights to an education and without the financial support and services due to be provided to G.C. under his I.E.P. as mandated under federal statute.

69. Plaintiffs Amber C. and Joseph C. incurred significant financial damage as a direct result of the conduct of the Defendants and the additional financial damage associated with the move from one school to a private school.

70. Plaintiffs' damages include, but are not limited to, the following: anxiety, mental and emotional distress, humiliation, fear, discomfort, loss of enjoyment of life,

inconvenience, suffering, cost of education at another
institution, filing costs, process server fees, legal fees,
attorney fees, loss of wages, medical and counseling costs,
physical and psychiatric injuries, nightmares, insomnia, and
overall fear of the education process. The injuries,
illnesses and harms caused, and continue to cause, Plaintiffs
Amber C. and Joseph C. and G.C. ongoing medical and
psychiatric care for his injuries, illnesses and medical
conditions and injuries, and other expenses associated with
a change in school and the expense of a private education,
and the expense for a private tutor and for special education
services as the Defendants failed to comply with the
educational requirements under the I.E.P. of G.C.

## STATEMENT OF FACTS

**A.** G.C.'s assault, harassment, humiliation, was
evidence of Pattern, Practice, Policy of Defendants
Inaction

**71.** It is August 26, 2016, during the school day at Semmes
Middle School. The classes change and G.C. is alone. Although
called for, there was no paraprofessional with G.C. No one is
supervising G.C. and no one is supervising the other students.
A water hose is turned on G.C. and he is publicly humiliated
and soaked with water by another student. G.C. is afraid: he

fears going into the locker room, he even fears going into the school building. G.C. has been physically attacked and verbally abused before by students in unsupervised situations. But there has been no reaction by Defendants, no intervention by Defendants and no action to prevent future harm to G.C. on the part of the Defendants in this case.

72. There have been numerous other attacks at Semmes Middle School involving video taping of assaults on other students by large groups (mobs) of students acting without supervision and complete inaction of staff and employees of Semmes Middle School to intervene on behalf of the student being attacked.

73. Principal Shenesey and Superintendent Martha Peek knew of the prior attacks on other students at Semmes Middle School and prior attacks on G.C. at Semmes Middle School, yet still continued to turn their backs on the conduct of students and on the employees' inaction and complete dereliction of duties while employed at Semmes Middle School.

74. Defendants, the school employees, failed to call the parents of G.C., failed to report the incidents to the parents of G.C. and failed to complete incident reports and/or discipline reports for students that harassed, assaulted, verbally abused and emotionally taunted G.C. while in the

presence of school employees and purportedly under the expressed duty to supervise students, particularly G.C. under his I.E.P. Plan requiring the presence of a full time paraprofessional for his assistance and supervision.

### DEFENDANTS' pattern, practice and policy of deliberate indifference to safety, health, and education of students among the constitutional violations deprives G.C. of his Constitutional Right to an Education

**75.** Students attending Semmes Middle School for the last 4 years have been permitted, encouraged and allowed to haze, assault, verbally abuse, emotionally abuse, physically inflict injury, and continuously deprive special education students of a free and public education in the least restrictive environment and in compliance with the individualized educational plans of special education students including G.C.

**76.** Students attending Semmes Middle School for the last 4 years have been permitted, encouraged and allowed to haze, assault, verbally abuse, emotionally abuse, physically inflict injury, and continuously deprive special education students of a free and public education in the least restrictive environment and in compliance with the individualized educational plans of special education

students including G.C. and that those students inflicting the harm were permitted and encouraged to disregard the safety of others.

**77.** DEFENDANTS, each of them, have violated the ALABAMA EDUCATION CODE OF ETHICS by failure to provide appropriate supervision of students, falsifying, misrepresenting, omitting, disregarding individualized education plan of G.C. and erroneously reporting information regarding the evaluation of students and endorsing, encouraging and permitting acts of child abuse, both physical and verbal abuse by failing to control and supervise Defendant teachers identified herein the complaint and failing to supervise, administrators, principals, assistant principal, and counselors all employees of the Mobile County Board of Education.

**78.** Plaintiffs further allege the Defendants failed to protect the minor child, G.C., from assault, harassment, hazing and deprivation of his constitutional educational rights. The Defendants' deliberate indifference to the conduct of students and others permitted G.C. to endure acts of physical, emotional and verbal child abuse. The Defendants' breach of ethical duties and responsibilities

and the Defendants' creation of a Safe Harbor for the verbal, physical abuse, hazing, emotional abuse and deprivation of constitutional rights of children to an education, along with Defendants' acts of Negligence,  acts of wantonness, Defendants' Violation of State Anti-Hazing Laws Ala. Code (1975) §16-28B-4, Defendants' Negligent Training, Instruction and Supervision, Defendants' Reckless and Wanton Failure to Act and intervene on behalf of the needs of special needs students, Defendants' intentional and/or negligent infliction of Emotion Distress on special needs students, Defendants' further acts to Conspire deprived G.C. of a safe and appropriate educational setting.

### FIRST CAUSE OF ACTION
### VIOLATION OF ALABAMA CODE TITLE 16. EDUCATION
### (AGAINST ALL DEFENDANTS)

**79.** PLAINTIFFS hereby incorporate the allegations contained in the preceding paragraphs, as though fully set forth herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF TITLE IX CIVIL RIGHTS
### (42 U.S.C. §1983)

**80.** PLAINTIFFS hereby incorporate the allegations contained in the preceding paragraphs, as though fully set forth herein.

81. Federal Law 42 U.S.C. §1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

82. Title IX states: "No person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." *Davis v. Monroe County Bd. of Educ*. Supreme Court of the United States, May 24, 1995 526 U.S. 629.

83. A school district, a Title IX funding recipient, can be liable for deliberate indifference to known acts of peer

harassment and discrimination that were so severe, pervasive, and objectively offensive that victim's access to educational benefit was barred. Defendants protect female students, but fail to protect male students. Rather, Defendants permit a "culture" of fighting, hazing, physical and verbal abuse of males without intervention by staff and employees of the schools with a "boys will be boys" sense of apathy from employees of the Mobile County Board of Education.

**84.** The Supreme Court held that "(1) under Title IX, a private damages action may lie against a public school board in cases of student-on-student harassment, where (a) the school board acted with deliberate indifference to known acts of harassment in the school board's programs or activities, and (b) the harassment was so severe, pervasive, and objectively offensive that it effectively barred the victim's access to an educational opportunity or benefit.

**85.** Where the misconduct occurs during school hours and on school grounds, the misconduct is taking place "under" an "operation" of the federal education funding recipient. In

these circumstances, the recipient retains substantial control over the context in which the harassment and abuse occurs. More importantly, however, in this setting the board of education exercises significant control over the employees that have looked the other way, and allowed the conditions of abuse and harassment to escalate. The nature of the state's power over public school children is custodial and tutelary, permitting a degree of supervision and control that could not be exercised over free adults.

**86.** PLAINTIFFs allege the DEFENDANTs have a practice, custom, and policy of protecting female students from violent behavior but have a policy, practice, custom and policy of encouraging a "hazing, harassing, abusive" "ritualistic" behavior among male students. This discrimination in the DEFENDANT MOBILE COUNTY SCHOOL SYSTEM results in a violation of the rights of male students under Title IX.

**87.** DEFENDANTS conduct has directly and proximately caused injury, damages and harm to Plaintiffs in violation of Title IX and Plaintiffs' United States Constitutional Rights, resulting in economic and non-economic damages.

Wherefore, Plaintiffs Pray for judgment as more fully set
forth below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF FOURTH AMENDMENT OF U.S. CONSTITUTION PROHIBIT
## SEIZURE OF THE PERSON
## (Against All Defendants)

**88.** PLAINTIFFS hereby incorporate the allegations contained
in the preceding paragraphs, as though fully set forth
herein.

**89.** The United States Constitution prohibit the government
from unreasonable searches and seizures of citizens.
DEFENDANTS, each of them, ratified, endorsed encouraged and
enabled DEFENDANT PRINCIPAL BRENDA SHENESEY, employees,
teachers, counselors and other employees under her
supervision, to allow students to seize, falsely imprison
and verbally and physically abuse G.C. a Plaintiff, and
minor student herein, in violation of his Fourth Amendment
rights, resulting in damages as hereinabove asserted and
alleged.

Wherefore, Plaintiffs Pray for judgment as more fully
set forth below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF FOURTEENTH AMENDMENT OF U.S. CONSTITUTION**
**LIBERTY INTEREST CIVIL RIGHTS**
**(42 U.S.C. §1983)**
**(AGAINST ALL DEFENDANTS)**

**90.** Plaintiffs incorporate by reference therein the preceding paragraphs of the complaint as though set forth here in full.

**91.** Plaintiff minor student has a liberty interest under the Fourteenth Amendment of the U.S. Constitution to body integrity, health and safety. Plaintiffs parents have a 14th Amendment Liberty Interest to make decisions about their minor child's education, health and safety.

**92.** Defendants, each of them, stole, deprived, took the Parents Liberty interest rights away by concealing, hiding and covering up their policy, practice and custom of promoting, encouraging, authorizing and permitting, "hazing", "harassment", "assault", "verbal" and "physical" child abuse on the premises of the school facility and premises and further by failing to make a report to the proper authorities under the mandatory reporting requirements for such conduct. Defendants violated the 14th Amendment rights of Plaintiffs. Plaintiffs suffered damages, injuries, and harm as hereinabove alleged.

Wherefore, Plaintiffs Pray for judgment as more fully
set forth below.

## FOURTH CAUSE OF ACTION:
## VIOLATION OF FOURTEENTH AMENDMENT OF U.S. CONSTITUTION
## LIBERTY INTEREST CIVIL RIGHTS
## (42 U.S.C. §1983)
## (AGAINST ALL DEFENDANTS)

**93.** Plaintiffs incorporate by reference therein the
preceding paragraphs of the complaint as though set forth
here in full.

**94.** Under Monel, local governments and their agencies can
be sued as "persons" under §1983 and may be liable where a
government policy or custom gives rise to a constitutional
deprivation. A "custom" does not require official sanction;
instead, a custom "may fairly subject a municipality to
liability on the theory that the relevant practice is so
widespread as to have the force of law." *Board of County
Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137
L.Ed. 2d 626 (1997)[88](citations omitted). To make a claim
for municipal liability, it is not sufficient to allege
merely conduct attributable to the municipality. *Id*. "A
plaintiff must show that the municipal action was taken
with the requisite degree of culpability and must

demonstrate a direct causal link between the municipal
action and the deprivation of federal rights." *Id*. Thus,
the elements of a Monel claim include: (1) an official
policy or custom that (2) causes the plaintiff to be
subjected to, (3) a deprivation of a constitutional right.
*Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1987). A
city may not be held liable for the actions of its
employees or agents under a theory of *respondeat superior*.
*Id.* at 397.

**95.** An "official policy or custom" can be show in several
ways: (1) a formal policy officially endorsed by the
municipality; (2) actions taken by government officials
responsible for establishing municipal policies related to
the particular deprivation in question; (3) a practice so
consistent and widespread that it constitutes a custom or
usage sufficient to impute constructive knowledge of the
practice to policy making officials; and (4) a failure by
policy makers to train or supervise subordinates to such an
extent that it amounts to deliberate indifference to the
rights of those who come in contact with the municipal
employees. *Dorsett-Felicelli v. C'nty of Clinton*, 371 F.
Supp. 2d 183, 194 (N.D.N.Y. 2005)(citing *Monell*, 436 U.S.

at 690, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986), and *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

**96.** Here, Defendants, each of them, maintained a policy, practice and custom of promoting, encouraging, authorizing, and permitting "hazing", "verbal abuse", "physical abuse" and other acts of child abuse on the premises of the school facilities. Defendants violated the 14th Amendment and other U.S. Constitutional Rights of Plaintiffs. Plaintiffs sustained damages as hereinabove alleged.

Wherefore, Plaintiffs pray for judgment as more fully set forth below.

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF ALABAMA CODE TITLE 16. EDUCATION §16-1-23**
**(AGAINST ALL DEFENDANTS)**

**97.** Plaintiffs incorporate by reference therein the preceding paragraphs of the complaint as though set forth here in full.

ALABAMA HAZING PROHIBITION LAW:

DEFINITION:
   **(a)** Hazing is defined as follows:
        (1) Any willful action taken or situation created,
        whether on or off any school, college, university, or
        other educational premises, which recklessly or
        intentionally endangers the mental or physical health
        of any student, or (2) Any willful act on or off any
        school, college university, or other educational

premises by any person alone or acting with others in striking, beating, bruising, or maiming; or seriously offering, threatening, or attempting to strike, beat, bruise, or maim, or to do or seriously offer, threaten, or attempt to do physical violence to any student of any such educational institution or any assault upon any such students made for the purpose of committing any of the acts, or producing any of the results to such student as defined in this section.

"The term hazing as defined in this section does not include customary athletic events or similar contests or competitions, and is limited to those actions taken and situations created in connection with initiation into or affiliation with any organization. The term hazing does not include corporal punishment administered by officials or employees of public schools when in accordance with policies adopted by local boards of education.

Prohibition: (b) No person shall engage in what is commonly known and recognized as hazing, or encourage, aid, or assist any other person thus offending.

(c)No person shall knowingly permit, encourage, aid, or assist, any person in committing the offense of hazing, or willfully acquiesce in the commission of such offense, or fail to report promptly his knowledge or any reasonable information within his knowledge of the presence and practice of hazing in this state to the chief executive officer of the appropriate school, college, university or other educational institution in this state. Any act of omission or commission shall be deemed hazing under the provisions of this section.

Misdemeanor: (d) Any person who shall commit the offense of hazing shall be guilty of a Class C misdemeanor as defined by Title 13 A.

Other Sanctions: (e)Any person who participates in the hazing of another, or any organization associated

with a school, college, university, or other
educational institution in this state which knowingly
permits hazing to be conducted by its members or by
others subject to its direction or control, shall
forfeit any entitlement to public funds,
scholarships, or awards which are enjoyed by him or
by it and shall be deprived of any sanction or
approval granted by the school, college, university,
or other educational institution.

§ 16-28B-4 (Ala. Code 1975). Prohibited behavior; complaints;
school plans or programs states as follows:

(a) No student shall engage in or be subjected to
harassment, intimidation, violence, or threats of
violence on school property, on a school bus, or at any
school-sponsored function by any other student in his or
her school system.

(b) No person shall engage in reprisal, retaliation, or
false accusation against a victim, witness, or other
person who has reliable information about an act of
harassment, violence, or threat of violence.

(c) Any student, or parent or guardian of the student,
who is the object of harassment may file a complaint
outlining the details of the harassment, on a form
authorized by the local board, and submit the form to
the official designated by the local board to receive
complaints at the school.

(d) Each school shall develop plans or programs,
including, but not limited to, peer mediation teams, in
an effort to encourage students to report and address
incidents of harassment, violence, or threats of
violence.

98. Defendants' conduct, actions and inactions violated the
Alabama Hazing Laws by intentionally, and repeatedly
permitting, and participating in the hazing and abuse of
Plaintiff minor student. Plaintiffs have suffered damages,
injuries and harm as stated herein.

Wherefore, Plaintiffs pray for judgment as more fully set forth below.

### SIXTH CAUSE OF ACTION:
### FALSE IMPRISONMENT
### (AGAINST DEFENDANTS ROLLO and SHENESEY)

**99.** Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

**100.** Defendants Rollo and Shenesey's intentional, and criminal conduct constitutes non-consensual, intentional confinement of Plaintiff G.C., without lawful privilege, and created the opportunity for the harm that was caused to Plaintiff G.C.

**101.** Defendants acts were done in conscious disregard of Plaintiff, G.C.'s health, safety, constitutional rights, the right to the educational services under his I.E.P. and at risk of severe emotional harm to Plaintiff, G.C. and with intent to injure, cause injury, oppress, cause oppression, fraud and malice entitling Plaintiff, Minor, G.C. to punitive damages and attorneys' fees against Defendants.

Wherefore, Plaintiff prays for judgment as more fully set forth below.

### SEVENTH CAUSE OF ACTION:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST DEFENDANTS RUFFIN AND SHENESEY)

**102.** Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

**103.** Defendants Ruffin, and by ratification, Shenesey, intentionally engaged in extreme and outrageous conduct which is not and should not be tolerated in a civilized society, and is not tolerated in this society.

**104.** Defendants Ruffin and Shenesey's actions have caused and continue to cause Plaintiffs substantial losses in attorney fees, and medical expenses, psychological expenses, loss of earnings and benefits from lost time from work, cost of litigation including but not limited to filing fees, process server fees, and legal fees, humiliation, embarrassment, and anguish, all to the damage in tan amount according to proof.

**105.** The Acts of the Defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to isolate,

humiliate, assault, inflict intentional emotional distress, injure and harm, Plaintiff, G.C.

**106.** Defendants acts were done in conscious disregard of Plaintiff, G.C.'s health, safety, constitutional rights, and the risk of severe emotional harm to Plaintiff, G.C. with intent to injure constituting oppression, harm, malice and fraud entitling Plaintiffs to punitive Damages and attorney fees against the Defendants.

Wherefore, Plaintiff prays for judgment as more fully set forth below.

## EIGHTH CAUSE OF ACTION:
### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

**107.** Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

**108.** At all relevant times herein, Defendants acted and failed to act in an unreasonable manner, failed to act reasonably, breached the duty of safety and care of the Plaintiff, G.C., a minor special needs student entrusted in their care. Defendants are liable for the damages as stated herein.

**109.** Defendants and each of them were negligent in allowing the attacks upon G.C. to continue.

Wherefore, Plaintiff prays for judgment as more fully set forth below.

### NINTH CAUSE OF ACTION:
### NEGLIGENCE IN VIOLATION OF ANTI-HAZING LAW
### (AGAINST ALL DEFENDANTS)

**110.** Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

**111.** At all relevant times herein, Defendants were aware and knowledgeable of Alabama Law Prohibiting "Hazing" and "Harassment".

**112.** Defendants and each of them were negligent in allowing the attacks upon G.C. to continue.

**113.** Defendants actions have directly and proximately caused and continue to cause Plaintiffs substantial losses in legal fees, and medical fees and expenses, educational costs, private tutoring, educational assistance under the I.E.P., psychological expenses as a result of the humiliation, anguish, embarrassment and abuse and all other damage in an amount according to proof.

Wherefore, Plaintiff prays for judgment as more fully set forth below.

## TENTH CAUSE OF ACTION:
## PREMISE LIABILITY
## (AGAINST DEFENDANTS MOBILE COUNTY SCHOOL BOARD MEMBERS)

**114.** Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

**115.** Defendant Mobile County School Board has a duty to protect students on its premises. Defendant Mobile County School Board breached that duty resulting in damages, injuries, and harm to G.C.

Wherefore, Plaintiff prays for judgment as more fully set forth below.

## ELEVENTH CAUSE OF ACTION:
## NEGLIGENT TRAINING, HIRING, RETENTION, AND SUPERVISION
## (AGAINST DEFENDANTS MOBILE COUNTY SCHOOL BOARD MEMBERS)

**116.** Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

**117.** Defendant Mobile County School Board failed to train Defendants to protect students and to prevent students from engaging in Hazing, harassment, assault, and physical and emotional child abuse.

**118.** Defendant Mobile County School Board failed to train Defendants to follow, enforce and comply with the I.E.P. of G.C., a minor special education student and to prevent other students from engaging in Hazing, harassment, assault, and physical and emotional child abuse that resulted in G.C. being deprived of his education under his Constitutionally protected I.E.P. and caused the financial burden for his safety, education, and mandated services to Plaintiffs, Amy C. and Joseph C.

**119.** Defendant Mobile County School Board Members conduct caused Plaintiffs damages, harm and injuries.

Wherefore, Plaintiff prays for judgment as more fully set forth below.

**TWELFTH CAUSE OF ACTION:**
**VIOLATION OF EDUCATION CODE SAFETY LAWS §16-1-24.1 Ala. Code, *In Loco Parentis***
**(AGAINST All DEFENDANTS)**

**120.** Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

**121**. DEFENDANTS, and each of them, failed to protect Plaintiff, G.C. a minor student as is mandated by Alabama Law and violated Alabama Education Code §16-1-24.1, causing injuries, damages and harm to Plaintiffs.

Wherefore, Plaintiffs prays for judgment as more fully set forth below.

## THIRTEENTH CAUSE OF ACTION:
## VIOLATION OF INDIVIDUALIZED EDUCATIONAL PLAN IN VIOLATION OF 20 U.S.C. § 1400
## (AGAINST All DEFENDANTS)

**122**. Plaintiffs incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

**123**. DEFENDANTS, each of them, failed to comply with the requirements of Plaintiff, G.C. a minor student's I.E.P. as is mandated by Law, causing injuries, damages and harm to Plaintiffs.

**124**. Plaintiffs allege, the Defendants failed to comply with IDEA, formerly known as the Education for All Handicapped Act ("EHA"), 20 U.S.C. § 1400 et seq., provides federal money to state and local education agencies in order to assist them in educating disabled children, on the

condition that the states and local agencies implement the substantive and procedural requirements of the Act. The Plaintiffs contend that the Board has violated G.C.'s procedural and substantive rights under IDEA.

125. IDEA requires that "children with disabilities have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet the handicapped child's unique needs, ... [and to ensure] that the rights of handicapped children and their parents or guardians are protected." 20 U.S.C. § 1400(c).

126. To carry out these objectives, the IDEA provides procedural safeguards to permit parental involvement in all matters concerning the child's educational program and allows parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate. *Honig v. Doe,* 484 U.S. 305, 311-12, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988). The Defendants in this matter failed to comply with the Objectives and directives of IDEA and deprived G.C. and Amber C. and Joseph C. of the procedural safeguards to permit parental involvement in all matters concerning the child's educational program.

126. There are two bases for asserting claims under the IDEA: violations of procedure and violations of the substantive guarantee of a FAPE. *Doe v. Alabama State Dept. of Educ.,* 915 F.2d 651 (11th Cir.1990). For ease of analysis, the court will address these claims according to the time period in which they arose.

1. Procedural

In analyzing the procedural violations pointed to by the Plaintiffs, the court must keep in mind that even a finding that there is a procedural violation does not necessarily entitle a plaintiff to relief. As stated earlier, the Eleventh Circuit has previously rejected an argument that a procedural violation is per se a violation of the statute. *See id.* at 661. This rule has been extended to a procedurally defective IEP. *See School Bd. of Collier County, v. K.C.,* 285 F.3d 977, 982 (11th Cir.2002). "In evaluating whether a procedural defect has deprived a student of a FAPE, the court must consider the impact of the procedural defect, and not merely the defect per se." *Id.*

The IEP which was in place at the time and during the period in which that IEP was in effect, G.C. suffered the traumatic school event which caused him to be taken out of the school and schooled at home by a tutor and subsequently placed in a private school. The Plaintiffs contend that the IEP did not reflect this change in circumstances, and so the services provided may not be considered, as they were not provided through an IEP. The Plaintiffs contend that there was a violation of IDEA, in that the IEP was violated before the G.C. was removed from the school.

2. Substantive

The Plaintiffs argue that G.C. was not receiving services pursuant to his I.E.P. The Plaintiffs' argument is unusual in that they are arguing that the services to which they agreed in the I.E.P. were not sufficient nor were they provided. *See D.R. by M.R. v. East Brunswick Bd. of Educ.,* 838 F. Supp. 184, 193 (D.N.J.1993), *aff'd,* 109 F.3d 896 (3d Cir.1997). Allowing parents to challenge educational services provided pursuant to an I.E.P. should be free to seek a hearing on the needs of the child. *Id.* It is only upon a showing by the parents that there has been a change in circumstances such that the

child's educational needs were no longer being met, that the parent can challenge the I.E.P. and the conduct of the educational institution.

1. Procedural

The Plaintiffs contend that G.C. was not being provided services pursuant to any IEP in place at the time. The IDEA provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child ...." 20 U.S.C. § 1415.

The Plaintiffs have asked for declaratory and monetary relief, as well as compensatory education and other appropriate relief for the Board's violation of E.D.'s rights under IDEA. The court will separately address monetary and other forms of relief.

2. Monetary Relief Requested

a. IDEA

The Plaintiffs argue that they are entitled to damages under IDEA. They concede that courts are split on this subject. They argue that some courts which have concluded

that there is no § 1983 action for violation of IDEA have
left open the possibility that damages could be awarded
under IDEA. The Plaintiffs also rely on the Supreme Court's
decision in *Franklin v. Gwinnett Co. Pub. Schs.,* 503 U.S.
60, 112 S. Ct. 1028, 117 L. Ed. 2d 208 (1992). In that
case, in which a claim was brought under Title IX, the
Court explained that unless there is clear direction to the
contrary by Congress, federal courts have the power to
award any appropriate relief. *Id.* at 70-71, 112 S. Ct.
1028. In *Powell,* the Eleventh Circuit addressed the
remedies available under the predecessor statute to IDEA,
and concluded that as a "general rule, compensatory damages
are not available ...." *Id.* at 1078. While it may be
that *Franklin* provided an analytical framework by which the
Eleventh Circuit sitting *en banc* can change the rule
applied in *Powell. See United States v. Chubbuck,* 252 F.3d
1300, 1305 n. 7 (11th Cir.2001) ("the prior precedent rule
would not apply if intervening on-point case law from
either [the Eleventh Circuit] en banc, the United States
Supreme Court ... existed."). A panel of the Eleventh
Circuit, and therefore this court, is not "at liberty to
disregard binding case law that is so closely on point and

has been only weakened, rather than directly overruled by the Supreme Court." *Id.* In addition, if it were clear that the amendment to the statute changed the rule with regard to compensatory damages, it would seem that there would be a consensus in the courts as to the availability of monetary relief. The issue of relief under § 1983 is really not an issue of whether damages can be awarded for a violation of § 1983, as they clearly can when damages are proven. The issue is the ability of plaintiffs to use § 1983 as a mechanism by which to bring forward an IDEA claim. This issue has caused a split among the circuits as well. *See e.g., Padilla v. School Dist. No. 1 in the City and Co. of Denver,* 233 F.3d 1268 (10th Cir.2000) (no § 1983 claim available); *Mrs. W. v. Tirozzi,* 832 F.2d 748, 755 (2d Cir.1987) (§ 1983 claim available); *see also Katherine S. v. Umbach,* No. No. CIV.A. 00-T-982-E, 2002 WL 226697 (M.D.Ala. Feb.1, 2002) (no § 1983 claim available). The split arises from the various courts' interpretation of a statutory amendment in light of a decision by the United States Supreme Court.

In 1984, the Court held that, based on the remedial scheme of the predecessor to IDEA, the EHA, Congress intended to

foreclose private enforcement of education rights through laws such as Section 504 of the Rehabilitation Act. *See Smith v. Robinson,* 468 U.S. 992, 1012-13, 104 S. Ct. 3457, 82 L. Ed. 2d 746 (1984). In *Smith,*the Supreme Court was not presented with a § 1983 claim for violation of the EHA, and merely noted in a footnote that courts were in agreement that the EHA could not be used as a basis for a § 1983 claim. *See Smith,* 468 U.S. at 1009 n. 11, 104 S. Ct. 3457.

In response to this decision, Congress amended the EHA to add a provision which states that the statute "does not restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities ...." 20 U.S.C. § 1415(*l*). The legislative history of the amendment to the EHA is clear that Congress wanted to supersede the holding of *Smith, See* S. Rep. 99-112, 1986 U.S.C.C.A.N. 1798.

Some courts have concluded that Congress intended to allow for 42 U.S.C. § 1983 claims for violations of IDEA. Other courts, however, have reasoned that the amendment to the

statute only changed the rule announced in *Smith* that
claims based on violations of other statutes were
foreclosed, but did not change that 42 U.S.C. § 1983 could
not be used as a mechanism for bringing an IDEA
claim. *See Padilla,* 233 F.3d at 1273. That is, while § 1983
might properly be used to vindicate a disabled child's
constitutional rights or § 504 rights, it is not properly
used to vindicate the child's rights under IDEA. The court
takes from the conflict in the case law that the statute
does not explicitly answer the question of whether an IDEA
claim can be brought under § 1983.

There is precedent which indicates that the Eleventh
Circuit would agree with the Tenth Circuit's
interpretation. *See Holbrook v. City of Alpharetta,* 112
F.3d 1522 (11th Cir.1997). In *Holbrook,* the Eleventh
Circuit held that a § 1983 action cannot be maintained in
addition to a Rehabilitation Act or ADA claim if the only
alleged deprivation is of rights created by the Act and the
ADA. Since the substantive statutes provide extensive,
comprehensive remedial frameworks, allowing the plaintiff
to proceed under both. *Id.* at 1530. Therefore, Plaintiffs

request damages under their § 1983 claim for violation of
IDEA.

Wherefore, Plaintiffs prays for judgment as more fully set
forth below.

## PRAYER FOR RELIEF

1. For special and economic damages, including lost wages,
   for all claims;

2. For general and non-economic damages for all Causes of
   Action;

3. A $1,000,000 damage claim as and for Compensation for
   G.C. Deprivation of Civil Rights, personal injuries,
   and harms against all Defendants joint and severally;

4. A $1,000,000 claim for compensation for Plaintiff Amber
   C. and Joseph C.  for Plaintiffs Deprivation of Civil
   Rights, personal injuries and harms resulting from and
   against all Defendants; and

5. Plaintiff alleges as follows:

   a. For pre-judgment interest at the prevailing legal
      rate;

   b. Punitive damages against Defendants for the
      conscious, deliberate indifference to health,
      safety, and constitutional rights of the parent

and student Plaintiff herein and for the

protection and safety of the community;

**c.** For costs of the law suit including reasonable

attorney's fees; and

**d.** For such other and further relief, including

injunctive relief, as the Court may deem proper.


Dated: February 6TH, 2019.

Respectfully submitted,
Christine C. Hernandez ASB#8252I64H
The Hernandez Firm
PO BOX 66174
Mobile, AL 36660-1174
(251)479-1477
Christine@equalizingjustice.com